UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW W SHALABY,<br><br>Plaintiff,<br><br>v.<br><br>CALIFORNIA HIGHWAY PATROL, et al.,<br><br>Defendants. | Case No.  25-cv-03072-HSG<br><br>**ORDER GRANTING MOTIONS TO DISMISS**<br><br>Re: Dkt. Nos. 13, 14 |

Pending before the Court are Defendants California Highway Patrol's ("CHP") and County of San Mateo, California's ("the County") motions to dismiss. See Dkt. Nos. 13, 14. The Court **GRANTS** the motions.

## I.    BACKGROUND

As alleged in the Complaint, shortly after leaving the Taco Bell parking lot in Pacifica, California, Plaintiff Andrew Shalaby was pulled over for a traffic stop by Defendants Alexis Rodriguez and Brian Elder, both CHP officers.  Dkt. No. 1-1 ("Compl.") ¶ 11.  Rodriguez explained that she initiated the traffic stop because Plaintiff's registration sticker was expired. *Id.* ¶ 12.  Plaintiff underwent a field sobriety test, which he alleges he "passed effortlessly." *Id.* Rodriguez later informed him that she had observed two beer cans in the front seat of his car. *Id.* ¶ 16.

Plaintiff alleges that during the traffic stop, he began experiencing symptoms of atrial fibrillation. *Id.* ¶ 13.  He asked Rodriguez if he could take his medication, which was in an unmarked container. *Id.* ¶¶ 13, 53.  The Complaint contains somewhat contradictory allegations about the reasons for what happened next.  Plaintiff alleges that Rodriguez and Elder would not allow him to take his medication, and they offered instead to take him to the hospital. *Id.*  But

United States District Court<br>Northern District of California

Plaintiff also alleges that they took him to the hospital "for blood extraction to test for DUI." *Id.* ¶ 49. Plaintiff alleges that the toxicology report was "issued" approximately 45 minutes before he was transported to the county jail, and that the report showed he was not intoxicated. *Id.* ¶ 21. And although he alleges that a "medic received" those results, he does not plead facts showing he or the Defendants were made aware of those results before he was taken to jail.

While at the hospital, Elder asked Plaintiff to sign a citation for driving under the influence and an open container violation. *Id.* ¶ 17. Plaintiff hesitated to sign it, believing it was in error since "he had not been drinking and there were no open containers" in his car. *Id.* The officers asked the medic to confirm whether Plaintiff's medications were, as he represented, Nitroglycerin and Diltiazem. *Id.* ¶ 19. After the medic confirmed this, Elder and Rodriguez "confiscated" them and edited the citation to reflect that Plaintiff was also in possession of a "'controlled substance' (HS 11350(a))." *Id.* Elder informed Plaintiff that if he did not sign the citation, he would be taken to jail. *Id.* ¶ 20. After Plaintiff asked for a moment to read it, Elder allegedly said he could have "five [] seconds to sign it, then you're going to jail." *Id.* And when Plaintiff reiterated that he wanted to read it first, Elder had Plaintiff discharged into his custody and took Plaintiff to the county jail. *Id.* ¶ 20–28.

Plaintiff was booked for DUI and open container, and possession of a controlled substance. *Id.* ¶ 28. Defendants Rodriguez and Elder conducted a strip search and cavity search of him. *Id.* ¶ 27. He alleges that he was booked at the jail without a legal arrest or any charges, and without receiving any *Miranda* warnings. *Id.* ¶ 30. He contends that the jail's legal specialist, Nancy Preston, informed him there were "no grounds" to hold him in the absence of any charges or required bail, and he would be released. But he also alleges that Preston stated that "because he was charged" with a DUI, the jail was required to hold him for six hours form the time of the traffic stop. *Id.*

Preston placed Plaintiff in a "low-security holding room," where he again experienced symptoms of atrial fibrillation. *Id.* ¶¶ 30–31. He asked Defendant County of San Mateo's jail staff, individual Defendant Carlos Oropeza, if he could have his medications, but Oropeza did not provide them or grant him access to a medic. *Id.* ¶ 32. Oropeza "refused" to release him at 4:00

*United States District Court*
*Northern District of California*

A.M., the earliest time he could be released due to the DUI charges. *Id.* ¶ 33. Plaintiff therefore "demanded" to make a report for false imprisonment, and "in response," Oropeza placed him in solitary confinement. *Id.* Plaintiff "conclude[ed] he was likely going to go into cardiac arrest and die in the cell," and suffered "sever[e] emotional distress" as a result. *Id.* ¶ 34. He was released from the cell approximately an hour and forty-five minutes after being placed there. *Id.* ¶¶ 33, 35.

Plaintiff initially sued in Superior Court of San Mateo County, asserting claims against CHP, the County, Rodriguez, Elder, and Oropeza.[1] *See* Compl. Defendant CHP removed. Dkt. 1. He asserts the following eleven claims: (1) false imprisonment; (2) assault, (3) battery, (4) intentional infliction of emotional distress ("IIED"); (5) negligent infliction of emotional distress ("NIED"); (6) violations of California Penal Code § 142; (7) violations of California Government Code §§ 815.2, 820(a); (8) violations of the Bane Act, California Civil Code § 52.1, 43, 118.1; (9) constitutional violations under 42 U.S.C. § 1983; (10) vicarious liability; and (11) injunctive relief.[2]

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A defendant may move to dismiss a complaint for failing to state a claim upon which relief can be granted under Rule 12(b)(6). "Dismissal under Rule 12(b)(6) is appropriate only where the

---

[1] CHP and the County indicate that none of individual defendants have been served, and the docket reflects that none of the individual defendants have appeared in this case. Rather than grapple with his failure to properly serve individual defendants, Plaintiff contends that "it does not appear that Officers Alexis Rodriguez and Brian Elder are seeking dismissal of the claims against them," Dkt. No. 17 at 3, and he seems to believe that Officer Oropeza is represented by counsel for the County of San Mateo, see Dkt. No. 18 at 1.

Plaintiff is mistaken. Presumably, Rodriguez and Elder have not moved to dismiss the complaint because they have not been properly served, and Oropeza is not represented by the County. Accordingly, the Court **ORDERS** Plaintiff to serve individual Defendants within 30 days of this order, and to provide an update to the Court within 35 days of this order regarding his efforts to serve them. To the extent Plaintiff is unable to serve the individual Defendants, they will be dismissed from this case in accordance with Federal Rule of Civil Procedure 4(m).

[2] Plaintiff brings claims one through five, seven and eight against Elder, Rodriguez, and Oropeza. He brings claim six against individual Rodriguez and Elder only. Finally, he brings his tenth cause of action against both CHP and the County, and his eleventh cause of action against the County only. Plaintiff does not identify any defendants for his ninth claim under § 1983.

complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008).  To survive a Rule 12(b)(6) motion, a plaintiff need only plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is facially plausible when a plaintiff pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In reviewing the plausibility of a complaint, courts "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).  Nevertheless, courts do not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (quoting *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001)).

## III.   DISCUSSION

### A.   Plaintiff Does Not Properly Allege a § 1983 Claim (Count 9)

The Court finds that Plaintiff's claim under 42 U.S.C. § 1983 is plainly deficient.  To state a claim under § 1983, a plaintiff must allege two essential elements: "(1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of State law." *Long v. City of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006).  Although Plaintiff alleges wrongful conduct, he does not identify any violation of a right secured by the Constitution or federal law, and he does not specify which defendants violated those rights. *See generally* Compl.  In his opposition, Plaintiff articulates for the first time that CHP and County officers violated his Fourth and Fourteenth Amendment rights. *See* Dkt. No. 17 at 4–6; Dkt. No. 18 at 4–6.  But any such allegations must be in the complaint, not raised in a brief. *Schneider v. Cal. Dep't of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998) ("In determining the propriety of a Rule 12(b)(6) dismissal, a court *may not* look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss.").  To the extent Plaintiff wishes to bring this claim against the County, he must "identify a municipal 'policy' or 'custom' that caused [his] injury." *Bd. of Cnty. Comm'rs of Bryan Cnty.,*

*Okl. v. Brown*, 520 U.S. 397, 403 (1997). And to the extent Plaintiff wishes to sue CHP, that entity plainly appears to be entitled to sovereign immunity from § 1983 claims. *See O'Leary v. California Highway Patrol*, 923 F.2d 862 (9th Cir. 1991) ("Because the CHP is a state agency . . . and the State of California has not consented to suit . . . both the State and the CHP enjoy sovereign immunity and cannot be sued under section 1983."). It may be possible for Plaintiff to cure some of these deficiencies by amendment, and accordingly, his § 1983 claim is **DISMISSED WITH LEAVE TO AMEND**.[3]

### B.   State Law Claims

"A court may decline to exercise supplemental jurisdiction over related state-law claims once it has 'dismissed all claims over which it has original jurisdiction.'" *Ove v. Gwinn*, 264 F.3d 817, 826 (9th Cir. 2001) (quoting 28 U.S.C. § 1367(c)(3)). "[I]n in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." *Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 561 (9th Cir. 2010) (quotation omitted); *see also United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726–27 (1966) ("Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties . . . .").

Having dismissed Plaintiff's only federal claim, the Court will decline supplemental jurisdiction and defer ruling on the viability of Plaintiff's state law claims unless and until he states an actionable federal claim.[4] Accordingly, Plaintiff's state law claims are **DISMISSED**

---

[3] Because the Court dismisses with leave to amend, it declines to consider CHP's argument that qualified immunity for its officers shields it from liability. To determine whether an officer is entitled to qualified immunity, the Court must consider whether (1) the officer's conduct violated a constitutional right and (2) that right was clearly established at the time of the incident. *Pearson v. Callahan*, 555 U.S. 223, 232 (2009). To the extent Plaintiff amends his § 1983 claim, and CHP re-asserts this defense, the Court will consider "whether the complaint alleges sufficient facts, taken as true, to support the claim that the officials' conduct violated clearly established constitutional rights of which a reasonable officer would be aware in light of the specific context of the case." *Keates v. Koile*, 883 F.3d 1228, 1235 (9th Cir. 2018).

[4] Plaintiff titles his eleventh cause of action "injunctive relief," which asserts against the County. Injunctive relief is a remedy, not an independent claim. *See Di Loreto v. Chase Manhattan Mortg. Corp.*, 2017 WL 5569834, at *6 (N.D. Cal. Nov. 20, 2017) ("Plaintiffs may pursue declaratory and injunctive relief as remedies, not independent claims."). Thus, to the extent Plaintiff amends his

without prejudice.[5]

## IV.   CONCLUSION

Defendants' motions to dismiss, Dkt. Nos. 13 and 14, are **GRANTED WITH LEAVE TO AMEND**.  If Plaintiff is able to adequately state a federal cause of action, he may file an amended complaint within 21 days of the date of this order.  He may not add any new claims or defendants.  Additionally, the Court **ORDERS** Plaintiff to serve individual defendants within 30 days of this order, and to provide an update to the Court regarding his efforts to serve individual defendants within 35 days of this order.

**IT IS SO ORDERED.**

Dated:     1/27/2026

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge

United States District Court
Northern District of California

---

federal claim, he should also amend his claims (whether under federal or state law) to indicate whether he seeks injunctive relief.

[5] If Plaintiff declines to amend his § 1983 claim, he should indicate whether he prefers for the Court to remand the state claims to state court or dismiss those claims without prejudice to him re-filing them in state court.

6