UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW W SHALABY,<br><br>                    Plaintiff,<br><br>          v.<br><br>CALIFORNIA HIGHWAY PATROL, et al.,<br><br>                    Defendants. | Case No.  25-cv-03072-HSG<br><br>**ORDER TERMINATING AS MOOT MOTION TO DISMISS**<br><br>Re: Dkt. No. 36 |

Pending before the Court are the motion to dismiss filed by Specially Appearing Defendants Alexis Rodriguez and Brian Duwayne Elder, Dkt. No. 36, and the stipulation and proposed order submitted by the parties, Dkt. No. 73.  After the Specially Appearing Defendants filed their motion to dismiss under Rules 12(b)(4) and 12(b)(5), Plaintiff purportedly served them with the complaint and filed an executed summons on the docket.  Dkt. Nos. 45, 46, 58, 59, 61. The Specially Appearing Defendants therefore indicate that they intend to file a renewed motion to dismiss challenging the service of the complaint and the contents of the affidavits of the process servers in a second motion to dismiss.  *See* Dkt. No. 73.

Having considered the pending motion and stipulation and proposed order, the Court **TERMINATES AS MOOT** the pending motion to dismiss, Dkt. No. 36, in light of developments that have occurred since the motion was filed.  Federal courts cannot exercise personal jurisdiction over a defendant without proper service of process.  *Omni Capital Int'l, Ltd. v. Wolff & Co.*, 484 U.S. 97, 104 (1987).  Insufficient service can result in dismissal.  Fed. R. Civ. P. 12(b)(5).  The sufficiency of service is determined by Federal Rule of Civil Procedure 4, which is flexible and liberally construed.  *See Emp. Painters' Trust v. Ethan Enters., Inc.*, 480 F.3d 993, 998–99 (9th Cir. 2007); *United Food & Commercial Workers Union v. Alpha Beta Co.*, 736 F.2d 1371, 1382

United States District Court
Northern District of California

(9th Cir. 1984). The Court therefore determines in its discretion that the best course is to resolve this service dispute on a record that includes Plaintiff's subsequent efforts to serve the Specially Appearing Defendants.

Accordingly, the Court **SETS** the following briefing schedule: Specially Appearing Defendants Rodriguez and Elder shall file any motion to dismiss based on the now-existing state of affairs by May 27, 2026; Plaintiff's deadline to file any opposition brief is June 10, 2026; and Defendants' reply shall be due June 17, 2026. The motion shall be deemed submitted upon completion of the briefing schedule unless otherwise ordered. This order **TERMINATES AS MOOT** the parties' stipulation with proposed order, Dkt. No. 73.

**IT IS SO ORDERED.**

Dated:    5/13/2026

HAYWOOD S. GILLIAM, JR.
United States District Judge

United States District Court
Northern District of California

2